IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-00978-MJR ) |
| IDOC, WEXLER HEALTH CARE SERVICES CORPORATION, C/O BAILEY, C/O WINBERRY, and CLIFF W. VANZANDT, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff William Malone filed a *pro se* civil rights action in this District pursuant to 42 U.S.C. § 1983 against more than fifty-three defendants for violations of his federal constitutional and statutory rights at Pinckneyville Correctional Center ("Pinckneyville") between 2013 and 2015. *See Malone v. Lashbrook, et al.*, No. 16-cv-200-SMY (S.D. Ill. 2016) ("original case") (Doc. 2, instant case).  The complaint included numerous unrelated claims against different defendants (*id*.).  Pursuant to an order dated August 29, 2016, the Court severed the original case into eight additional matters (Doc. 1, instant case).  The instant case represents one of the newly-severed cases.

Specifically, this case addresses three claims that Plaintiff asserted against the Illinois Department of Corrections ("IDOC"), Wexler Health Care Services Corporation ("Wexler"), Cliff Vanzandt (counselor), C/O Bailey (correctional officer), and C/O Winberry (correctional officer):

>  **COUNT 10:**   Claims under the Americans with Disabilities Act against Defendants IDOC and/or Wexler for failing to provide adequate access to ADA programs, jobs, showers, and clothing between October 2014 and September 2015, and against Defendant Bailey for refusing Plaintiff an ADA shower on February 7, 2014.
>
>  **COUNT 11:**   Claim against Defendant Bailey for threatening Plaintiff with segregation on January 2, 2015, if he requested a shower more than once per week.
>
>  **COUNT 12:**   Claims against Defendants Bailey, Winberry, and Vanzandt for issuing false disciplinary reports against Plaintiff on August 29, 2015.

Counts 10, 11, and 12 are the only claims at issue in this severed case. In connection with them, Plaintiff seeks compensatory and punitive damages.

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any newly-severed claim that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Counts 10, 11, and 12 do not survive preliminary review under this standard and shall therefore be dismissed.

## The Complaint

The claims at issue in this case largely arise from alleged violations of Plaintiff's rights under the Americans with Disabilities Act ("ADA") (*id.*). In the complaint, Plaintiff alludes to the fact that he requires a wheelchair to mobilize (Doc. 2, p. 13). He goes on to list instances in which he was allegedly denied access to programs or services at Pinckneyville, including the following:

> 10/10/14 – Admin. Continues to Not Provide ADA Programs for ADA's.

>1/2/15 – C/O Baily Falsly Stateing That Rules & Regulations By Law ADA's Are Limited to One Shower A Week, If Plaintiff Requests One More Shower, Seg.
>
>12/1/14 – Admin. Refused ADA Plaintiff Proper Clothing For Winter Weather.
>
>* * *
>
>12/30/14 – IDOC – P.C.C. – Refused All ADA's Plaintiff EEOC Jobs for Plaintiff. . . . No Showers Provided ADA Plaintiff Suffers.
>
>* * *
>
>2/17/15 – Refused ADA Shower By C/O Bailey.
>
>* * *
>
>8/29/15 – Issueing Plaintiff False IDR's By: C/O Winberry, C/O Bailey & Co. Vanzandt.
>
>* * *
>
>9/29/15 – IDOC and AFSCME MEMBERS and Wexler HCSC – Conspire Against Plaintiff to Gravely Impact Incarcerated ADA's.

(Doc. 2, p. 14). The complaint sets forth no other allegations in support of Counts 10, 11, or 12.

Plaintiff filed seventy-five pages of exhibits, and some may relate to these claims. However, Plaintiff did not refer to any of the exhibits in his statement of claim. The Court is unable to determine which exhibits, if any, are applicable to these claims.

## Discussion

Even when construing the complaint liberally, as this Court is required to do, the above-stated allegations support no claim against the defendants. Plaintiff omitted basic facts necessary to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The allegations do not satisfy this standard. They are too vague and conclusory. The allegations do not put the defendants or the Court on notice of each claim. Plaintiff generally alleges that he was denied access to "programs," "jobs," "clothing," and "showers" on various dates. However, he offers virtually no details regarding these deprivations, including the exact nature, scope, or duration of the deprivation. In some instances, he also fails to identify the prison official(s) who denied his request(s) for access to these things. Against this backdrop, the Court will more specifically address each claim.

## Count 10 – ADA/Rehabilitation Act[1]

Title II of the Americans with Disabilities Act ("ADA") prohibits discrimination in the provision of services, programs, and activities by public entities on the basis of an individual's disability. 42 U.S.C. § 12131. Similarly, the Rehabilitation Act prohibits any disabled individual from being "excluded from the participation in, being denied the benefits, of, or subject to discrimination under any program or activity receiving Federal financial assistance." *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 794A; 42 U.S.C. § 12117). Rehabilitation Act claims include the additional requirement that the entity receive public funding. 29 U.S.C. § 794A. Prisons and correctional facilities are considered public entities under both statutes and satisfy the requirement for receipt of public funding under the latter statute. *Cassidy v. Indiana Dept. of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000) (ADA and Rehabilitation Act apply to prisons). The relief available under the ADA and Rehabilitation Act is coextensive. *Jaros*, 684 F.3d at 671.

---

[1] Although Plaintiff mentions nothing about the Rehabilitation Act in his complaint, the Court is obligated to analyze a *pro se* litigant's claims, not just the legal theory he propounds. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Therefore, the Court will consider whether a claim is stated under the Rehabilitation Act.

To state a claim under both statutes, Plaintiff must establish that: (1) he is a qualified individual with a disability; (2) he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by an entity; and (3) the denial was because of his disability. *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996). The allegations in the complaint do not satisfy any of these requirements.

Plaintiff does not allege that he suffers from a disability. He mentions using a wheelchair at the time another unrelated claim arose (Doc. 2, p. 13). If Plaintiff was wheelchair bound during the relevant time period, the first component of his ADA and/or Rehabilitation Act claim may be satisfied. *Norfleet*, 684 F.3d at 690 (citing 29 U.S.C. § 705(9)(b) ("To be wheelchair bound is to be disabled within the Act's meaning.")). However, given the absence of allegations addressing the issue, the Court cannot find that Plaintiff is an individual with a disability, even for screening purposes.

It is also not clear whether Plaintiff's claim arises from the denial of access to a program or activity within the meaning of the ADA and Rehabilitation Act. Plaintiff complains that he was denied the benefits of access to "programs," "jobs,"[2] "clothing," and "showers." However, he does not specify which programs or jobs he sought to access. Similarly, Plaintiff does not describe what type of clothing he requested and was denied, and he does not explain how or why the clothing would be covered under the ADA or Rehabilitation Act.

Plaintiff's claim really focuses on the denial of access to showers, which are considered "programs or activities" under the ADA and Rehabilitation Act. *Jaros*, 684 F.3d at 672.

---

[2] To be clear, claims of workplace discrimination are not covered under Title II of the ADA. *Niesler v. Tuckwell*, 807 F.3d 225, 227 (7th Cir. 2015) (citations omitted). Title I of the ADA provides the exclusive remedy for claims of disability discrimination in employment. *Id.* at 227. However, the Supreme Court has interpreted the terms "services, programs, or activities" under Title II as encompassing prison vocational programs. *Id.* (citing *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998)). With that said, no job-related discrimination claim is supported by the threadbare allegations in the complaint, and the Court will address the issue no further at this point.

Public entities are required to "take reasonable measures to remove architectural and other barriers" that deny access to such services. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (citations omitted). However, the complaint mentions no physical impediments to showering at the prison that are attributable to the structure of his cell, the shower stalls, etc. Plaintiff instead complains about the rule that limits inmate showers to one a week.

Further, Plaintiff does not allege that he was denied access *because of* a disability. Plaintiff complains that he was denied access because of the prison rule limiting inmate showers. By all indications, this rule applies equally to all inmates, regardless of disability. Neither the second nor the third component of this claim survives screening. Plaintiff's ADA and/or Rehabilitation Act claim shall therefore be dismissed without prejudice.

Before turning to Count 11, the Court pauses briefly to note that no separate constitutional claim arises from the deprivations described in the complaint. There is no clear standard regarding the minimum frequency of showers an inmate must be allowed in a particular period of time. *See Davenport v. DeRobertis*, 844 F.2d 1310, 1316-17 (7th Cir. 1988) (one shower per week for inmates in segregation is constitutionally sufficient). Absent extraordinary circumstances, however, the limitation on showers to once a week represents a short term, temporary deprivation that does not rise to the level of a constitutional violation. *See Harris v. Fleming*, 839 F.2d 1232, (7th Cir. 1988) (deprivation of toilet paper for five days, and deprivation of soap, toothbrush, and toothpaste for ten days, was a temporary, isolated incident due to negligence of defendants, and did not violate prisoner's constitutional rights); *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986) (mere discomfort and inconvenience do not implicate the constitution). The denial of seasonally appropriate clothing for a single day is unlikely to support a constitutional claim. Finally, Plaintiff has no

constitutional right to rehabilitative programs or employment in prison. *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Having considered whether a separate constitutional claim arises from any of the deprivations described in the complaint, the Court concludes that it does not.

In summary, the allegations in the complaint fail to articulate a viable ADA, Rehabilitation Act, or independent constitutional claim based on the denial of Plaintiff's access to "programs," "jobs," "clothes," and/or "showers" at Pinckneyville. Count 10 shall be dismissed without prejudice.

### Count 11 – Threat of Segregation

Defendant Bailey's threat to punish Plaintiff with segregation for requesting more than one shower per week gives rise to no actionable claim against the correctional officer. In his complaint, Plaintiff describes comments he made to Defendant Bailey that constitute "backtalk" (Doc. 2, p. 14). When the correctional officer told Plaintiff that he would receive no more than one shower per week, Plaintiff continued requesting more than one shower per week (*id*.). The Seventh Circuit has made it clear that this type of backtalk is not protected speech. "[B]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected." *Kervin v. Barnes*, 787 F.3d 833, 834 (7th Cir. 2015) (citations omitted). In *Kervin*, the Seventh Circuit held that no constitutional claim arose when a prison guard threatened to punish an inmate for asking to leave the day room to meet with his attorney *after* the inmate was told that he could not leave the day room "just yet." *Id*. The Court pointed out that the insubordinate speech of the inmate triggered the guard's threat, not the meeting with his attorney.

The same can be said of Plaintiff's repeated requests to use the shower, after he was told that showers were limited to one a week. This type of backtalk is not protected speech and supports no constitutional claim against the correctional officer. *Id*. Count 11 shall be dismissed with prejudice against Defendant Bailey.

### Count 12 – False Disciplinary Reports

Finally, no colorable claim arises from Plaintiff's bald assertion that C/O Bailey, Winberry, and Vanzandt issued him false disciplinary reports on August 29, 2015 (Doc. 2, p. 14). Allegations of false disciplinary reports do not state a claim where due process is afforded. *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994) aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)). Due process safeguards associated with prison disciplinary proceedings are generally sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan*, supra, 747 F.2d at 1141. This is because the procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). In addition, the decision of the

disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Plaintiff mentions no due process violations that occurred in connection with the issuance of disciplinary tickets on August 29, 2015. Absent allegations to this effect, the complaint supports no claim against Defendants Bailey, Winberry, and Vanzandt. Accordingly, **Count 12** shall be dismissed without prejudice.

In summary, the allegations in the complaint support no claims against Defendants IDOC, Wexler, Bailey, Winberry, or Vanzandt. Counts 10 and 12 shall be dismissed without prejudice, and Count 11 shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. If he wishes to pursue Counts 10 and 12 further, Plaintiff is granted leave to do so by filing an amended complaint according to the instructions and deadline set forth in the below disposition.

### Pending Motion

Plaintiff's Motion for Relief from Multiple Violations (Doc. 5) is hereby **DENIED**. In the motion, Plaintiff addresses issues that are largely unrelated to Counts 10, 11, and 12, such as claims of retaliation by individuals who are not named as defendants in this action. He also requests access to the prison's law library and an extension of time to file an amended complaint. On the date of his request, law library access (as it pertains to Counts 10, 11, and 12, at least) was not warranted, as Counts 10, 11, and 12 were under preliminary review and no amended complaint was ordered. The motion appears to relate to another severed case. Plaintiff remains free to file a new motion, if he deems it necessary to do so.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 10** and **12** are **DISMISSED** without prejudice, and **COUNT 11** is **DISMISSED** with prejudice, all for failure to state a claim upon which relief may be granted.

If he would like to revive Counts 10 or 12, Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case **on or before November 21, 2016.** Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint in this District, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 16-978-MJR) on the first page.

Plaintiff shall specify *by name* (even if only in generic terms) each defendant alleged to be liable for denying him access to the law library and the courts, as well as the actions taken by each defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2016**

                                                                                                **s/ MICHAEL J. REAGAN**
                                                                                                **U.S. District Judge**