IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM A. MALONE,** <br> **# B-52858,** <br><br>              **Plaintiff,** <br><br> vs. <br><br> **IDOC,** *et al.*, <br><br>              **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 16-cv-00978-MJR <br> ) <br> ) <br> ) <br> ) |

# <u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

This case was severed from another civil rights action that Plaintiff William Malone filed pursuant to 42 U.S.C. § 1983 on February 23, 2016. *See Malone v. Fritts*, Case No. 16-cv-00200-SMY (S.D. Ill.). The instant case addresses three claims ("Counts 10, 11, and 12") that Plaintiff asserted against one or more officials at Pinckneyville Correctional Center ("Pinckneyville") after he was allegedly denied access to the prison's shower in 2014 (Count 10), threatened with disciplinary segregation in 2015 (Count 11), and issued a false disciplinary ticket in 2015 (Count 12). In connection with these claims, Plaintiff requested compensatory and punitive damages against the defendant(s).

Counts 10, 11, and 12 did not survive preliminary review under 28 U.S.C. § 1915A. On October 17, 2016, the Court dismissed Count 11 with prejudice and Counts 10 and 12 without prejudice (*see* Doc. 7). Plaintiff was granted leave to file an amended complaint on or before November 21, 2016, if he wished to re-plead his claims in Counts 10 and 12 against the defendant(s) (*id*.). Plaintiff was warned that failure to file an amended complaint by the deadline or consistent with the Court's Order (Doc. 7) would result in dismissal of the action with

prejudice. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, he was advised that a "strike" would be assessed. *See* 28 U.S.C. § 1915(g).

Plaintiff filed his First Amended Complaint (Doc. 8) on November 9, 2016. The amended complaint was subject to dismissal for several reasons. For one thing, Plaintiff filed the same amended complaint in two separate actions, and he could not pursue identical claims in both. In addition, the amended complaint included no request for relief. Finally, it did not comply with the instructions set forth in the Court's Order (Doc. 7) dated October 17, 2016. For these reasons, the Court dismissed the First Amended Complaint on November 17, 2016 (*see* Doc. 9). Plaintiff was given one final opportunity to file a Second Amended Complaint on or before December 1, 2016 (*id.*).

That deadline has now passed. Plaintiff did not file a Second Amended Complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with two Orders of this Court (*see* Docs. 7, 9). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case; thus, the filing fee of $350.00 remains due and payable for this severed case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 8, 2016**

                                            s/ MICHAEL J. REAGAN
                                            **Chief Judge**
                                            **United States District Judge**